UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL GREEN,<br><br>    Petitioner,<br><br>    v.<br><br>JACQUEZ FRANCISCO, Warden,<br><br>    Respondent. | NO. CV 11-3179-GW (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge.  Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made.  The Court accepts the findings and recommendation of the Magistrate Judge.

    In his Objections, Petitioner argues for the first time that his counsel was deficient for failing to file a motion to suppress the Clarion pull-off radio face plate that the victim claimed had been stolen and was found on the patio table near the defendants.  Petitioner argues that, because the police returned the radio face plate to the victim at the scene, the defense was denied the opportunity to test it

for fingerprints.  (Objections at 4-5.)

Petitioner's claim is unexhausted because he did not present it to the California Supreme Court.  (LD 10.)  Habeas relief is unavailable for unexhausted claims.  28 U.S.C. § 2254(b)(1)(A).   Although unexhausted, the new claim may be denied on the merits as it is "perfectly clear" it is without merit.  *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005); *see* 28 U.S.C. § 2254(b)(2).  Petitioner has not shown any basis for suppression of the radio face plate and, therefore, cannot show any deficiency by his counsel.  The government violates a defendant's due process rights when it fails to preserve evidence in a criminal case if (1) the evidence "might be expected to play a significant role in the suspect's defense," (2) the evidence has exculpatory value, (3) the exculpatory value must be apparent before the evidence is destroyed, (4) the defendant must be "unable to obtain comparable evidence by other reasonably available means," and (5) the government must have acted in bad faith.  *California v. Trombetta*, 467 U.S. 479, 488-89, 104 S. Ct. 2528, 81 L. Ed. 2d 413 (1984) (citations and footnote omitted); *Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988).  "[T]he exculpatory value of the evidence must be apparent '*before* the evidence was destroyed.'"  *Id.* at 56 n.* (emphasis added; citation omitted).  The exculpatory value is not apparent when the evidence is "simply an avenue of investigation that might have led in any number of directions."  *Id.*

Here, the evidence indicated the victim flagged down police within minutes after the robbery, returned with them to the crime scene and described the Clarion radio face plate that had been stolen. (Report at 12.)  Police went through the gate of the apartment building and found five suspects around a patio table that had the radio face plate on it.  (*Id.*)  A police officer testified that the radio face plate fit into the victim's car.  (*Id.* at 12 n.7.)  Accordingly, the stolen item was more likely to be inculpatory than exculpatory evidence at the time.

Petitioner's request for an evidentiary hearing is denied.  "'[A]n evidentiary

hearing is not required on issues that can be resolved by reference to the state court record.'" *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007) (citation omitted).  To the extent Petitioner argues the state court should have conducted an evidentiary hearing on pretrial identification, Petitioner has not shown that the Supreme Court has clearly established such a right.  Although the Supreme Court has recognized a due process right to pretrial screening of eyewitness identification evidence when there is improper police influence, the Supreme Court stated that "the trial judge must screen the evidence for reliability pretrial" without specifying how the screening must be done.  *See Perry v. New Hampshire*, 132 S. Ct. 716, 720, 181 L. Ed. 2d 694 (2012).

IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED:  June 19, 2014

GEORGE H. WU
United States District Judge